UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11124-GAO

KIMMEL & SILVERMAN, P.C., and CRAIG KIMMEL, ESQ.,
Plaintiffs,

v.

JACQUELINE PORRO, ESQ., MATTHEW PORRO, DAVID P. ANGUEIRA, ESQ.,
SWARTZ & SWARTZ, P.C.,
Defendants.

OPINION AND ORDER
March 28, 2012

O'TOOLE, D.J.

This case arises from an alleged disclosure of confidential information. Resolution of the pending motions hangs on an evaluation of the following allegations.

In 2007, Jacqueline and Matthew Porro sued Craig Kimmel and Kimmel & Silverman. In that suit ("Law Suit 1"), the Porros were represented by Attorney David Angueira and the law firm of Swartz & Swartz, P.C. The case settled, and the settlement agreement contained a confidentiality provision stating: "The Parties *and their counsel* agree not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement . . . ." (Settlement Agreement 5 (dkt. no. 8-2) (emphasis added).) Angueira signed his name on the Agreement under a line reading: "Approved as to form." (Id. at 10.)

Five months after that agreement was signed, Krista Lohr sued Kimmel & Silverman ("Law Suit 2"). Lohr's lawyers—again, Angueira and Swartz & Swartz—included in a court

filing confidential information obtained from Law Suit 1. That confidential information was publicly available on the court docket for almost a week.

In the present action ("Law Suit 3"), Craig Kimmel and Kimmel & Silverman have brought suit against the Porros, Angueira, and Swartz & Swartz because the confidential information displayed in Law Suit 2 allegedly was disclosed by the present defendants in violation of the confidentiality agreement in Law Suit 1.

A.     Motion to Dismiss: Defendants Angueira and Swartz & Swartz, P.C.

Angueira and Swartz & Swartz have moved to dismiss the claims brought against them. They argue that they were not bound by the confidentiality agreement in Law Suit 1. I disagree. First, Angueira signed that agreement. It is easy to conclude he signed both individually and as a representative of the firm. Second, the agreement provided that it bound the parties "and their counsel" not to disclose confidential information. (See Settlement Agreement 5.) Third, similar cases have found that an attorney's signing of a confidentiality agreement binds him. See Huynh v. City of Worcester, No. 08-40240-TSH, 2010 WL 3245430, at *3 (D. Mass. Aug. 17, 2010); Affidavit of Counsel at 6, id., ECF No. 21-2 (attorney bound by confidentiality agreement which he signed as a "witness"). Finally, a contrary result would not only undermine the reasonable expectations of the parties but also likely would discourage attorney involvement in discussions with opposing counsel on confidential matters—often, the discussions where attorneys are most needed. The confidentiality agreement here binds the attorney defendants.

They further argue that the litigation privilege requires dismissal of the tortious interference claims, which allege that the they "induced" the Porros to violate their settlement agreement. (Compl. ¶ 63 (dkt. no. 1).) "An attorney's statements are absolutely privileged 'where such statements are made by an attorney engaged in his function as an attorney . . . .'" Blanchette

v. Cataldo, 734 F.2d 869, 877 (1st Cir. 1984) (quoting Sriberg v. Raymond, 345 N.E.2d 882, 884 (Mass. 1976).) At a minimum, it is not clear from the Complaint here whether the alleged "inducements" were merely statements or at what point the inducements were made. See Sriberg, 345 N.E.2d at 884 (privilege attaches where litigation is contemplated and under serious consideration). Whether the privilege applies here can best be determined after discovery. Dismissal now is inappropriate.

The defendants argue, in addition, that they were ethically obligated to violate the confidentiality agreement in Law Suit 1 in order to represent their client effectively in Law Suit 2. To the contrary, the attorneys could have represented their client effectively by obtaining relevant information through proper channels of discovery without violation of the agreement.

The attorney defendants' motion (dkt. no. 19) to dismiss and motion (dkt. no. 41) for sanctions are DENIED.

B. Motion to Dismiss: Defendants Jacqueline and Matthew Porro

The Complaint alleges that the defendants, including the Porros, had access to confidential information and disclosed this information in violation of a confidentiality agreement binding them. Although the Porros argue otherwise, these allegations, taken as true, state a plausible case for relief for breach of contract and the covenant of good faith and fair dealing. See Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).

The Complaint alleges, furthermore, that "the defendants" falsely told the plaintiffs that they would not disclose any information regarding the facts leading up to the settlement of Law Suit 1. (Compl. ¶ 74.) The Complaint does not indicate, however, which of the defendants made this statement. It also fails to indicate when or where the statement was made. It merely states that it *was* made and that, in May 2009, the defendants knew that the statement was false. Such

allegations do not satisfy the particularity requirements for claims of fraud. See Fed. R. Civ. P. 9(b); see also Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004).

Accordingly, the Porros' motion (dkt. no. 30) to dismiss is GRANTED in so far as it seeks a dismissal of the claims of fraud against the Porros and is DENIED in so far as it seeks a dismissal of the claims of breach of contract and breach of the covenant of good faith and fair dealing. The Porros' motion (dkt. no. 46) for sanctions is DENIED.

### C. Preliminary Injunction

The plaintiffs seek a preliminary injunction to protect the confidential information at issue here. In opposition, the defendants primarily argue that the plaintiffs have failed to demonstrate a likelihood of success on the merits. I disagree. The defendants here entered a confidentiality agreement in Law Suit 1. Shortly after Law Suit 1 ended, someone in Law Suit 2 obtained and recently publicized information in what appears to have been a violation of the confidentiality agreement. It is likely that one of the defendants here was the one who impermissibly disclosed that information. Further disclosure of this confidential information will likely cause irreparable harm. The defendants will suffer no substantial harm if the injunction is granted. As the Order explains, the defendants may not disclose the confidential information but are not precluded from using it except to the limited extent described in the order. The public interest will be advanced by holding parties to the agreements they create to reach amicable resolutions of their disputes.

For those reasons, the motion (dkt. no. 7) for a preliminary injunction is GRANTED. An accompanying Order will be entered in accordance with this decision.

D.  Conclusion

In sum, the plaintiffs' motion (dkt. no. 7) for a preliminary injunction is GRANTED. The defendants' motion (dkt. no. 19) to dismiss is DENIED. The defendants' motion (dkt. no. 30) to dismiss is GRANTED IN PART and DENIED IN PART. The defendants' motions (dkt. nos. 41 & 46) for sanctions are DENIED.

It is SO ORDERED.


/s/ George A. O'Toole, Jr.
United States District Judge