UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMMEL & SILVERMAN, P.C. and<br>CRAIG KIMMEL, ESQ.<br>    Plaintiff,<br><br>v.<br><br>JACQUELINE PORRO, ESQ.,<br>MATTHEW PORRO, DAVID P.<br>ANGUEIRA, ESQ., and SWARTZ &<br>SWARTZ, P.C.<br>    Defendants. | CIVIL ACTION<br>NO. 1:11-cv-11124-GAO |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS,
JACQUELINE PORRO, ESQ. AND MATTHEW PORRO'S,
MOTION TO COMPEL PLAINTIFFS, KIMMEL & SILVERMAN, P.C.
AND CRAIG KIMMEL, ESQ., TO RESPOND TO DISCOVERY REQUESTS**

## I. INTRODUCTION

The defendants, Jacqueline Porro, Esq. and Matthew Porro (collectively "defendants" or "the Porros"), hereby submit this Memorandum of Law in Support of Their Motion to Compel Plaintiffs, Kimmel & Silverman, P.C. (K&S) and Craig Kimmel, Esq. ("Kimmel") (collectively, "plaintiffs"), to respond to discovery requests.

## II. PROCEDURAL HISTORY

On June 22, 2011, plaintiffs filed their Complaint. **Exhibit 3**, Civil Docket for Case #1:11-cv-11124-GAO, paper #1. Following the ruling on several dispositive motions, defendants answered plaintiffs' Complaint on April 13, 2012 and May 4, 2012. Id., papers #67 & 68. On June 20, 2012, the Porros served their initial discovery disclosures pursuant to Rule 26. **Exhibit 4**, Automatic Discovery Disclosure of Defendants, Jacqueline Porro, Esq. and Matthew Porro. On June 21, 2012, counsel for the Porros served written discovery requests on the plaintiffs. See Defendants Jacqueline Porro, Esq. and Matthew Porro's Motion to Compel

1379112v1

Plaintiffs Kimmel & Silverman, P.C. and Craig Kimmel, Esq. to Respond to Discovery Requests. On July 19, 2012, plaintiffs' counsel requested an extension to respond to the above discovery requests through August 7, 2012. Id. On August 10, 2012, undersigned counsel contacted plaintiffs' counsel in good faith pursuant to Fed. R. Civ. P. 37(a)(1) to confer regarding the outstanding and overdue discovery responses. Id. To date, plaintiffs have not responded to any of the Porros' discovery requests. Id. A Scheduling Conference is scheduled in this matter on September 10, 2012.

### III. FACTUAL BACKGROUND

The plaintiffs are attorneys who are currently defendants in litigation in the United States District Court for the Eastern District of Pennsylvania captioned *Lohr v. Kimmel & Silverman, P.C., et al.*, No. 2:10-cv-05857-HB (the "Lohr Lawsuit"). **Exhibit 1**, Complaint ¶ 20. As a result of a memorandum filed in opposition to a motion to dismiss in the Lohr Lawsuit, the plaintiffs now allege, amongst other things, that the Porros breached a settlement agreement reached in another civil action in this court entitled *Porro, et al. v. Kimmel & Silverman, P.C., et al.*, No. 1:07-cv-12000-GAO ("Porro Lawsuit"). Id. ¶ 9. Plaintiffs filed suit on June 22, 2011 alleging breach of contract (Count I), breach of covenant of good faith and fair dealing (Count III) and fraud (Count IV) against all defendants. Plaintiffs set forth a multitude of factual allegations in purported support of their claims. Id., ¶¶ 9-50. Plaintiffs allege that because the defendants breached the settlement agreement, confidential information was made public in the Lohr Lawsuit and damaged the plaintiffs both personally and professionally. Plaintiffs claim that "the only possible way for Lohr to obtain the email chain and deposition transcripts was from J. Porro, M. Porro, S&S and/or Angueira." Id., ¶ 29.

2

The Porros categorically deny plaintiffs' allegations against them. **Exhibit 2**, Defendants, Jacqueline Porro, Esq. and Matthew Porro's, Memorandum in Support of Their Motion to Dismiss Plaintiffs' Complaint, pgs. 1-2. Furthermore, it is the position of the Porros that plaintiffs have utterly failed to provide any substantiated facts to support their claims. Id. The Porros have sought information through written discovery to demonstrate any evidence that exists in support of plaintiffs' claims. Plaintiffs have not responded to the Porros' requests.

## IV. ARGUMENT

Parties to civil litigation have "an affirmative duty to engage in pre-trial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 to 37." Gonsalves v. City of New Bedford, 168 F.R.D. 102, 109 (D. Mass. 1996). Pursuant to Fed. R. Civ. P. 33(b)(2), a party must respond to interrogatories within 30 days of service. Pursuant to Fed. R. Civ. P. 34(b)(2), a party must respond to requests for production of documents within 30 days of service. In the case where a party fails to respond to discovery, a party may file a motion to compel responses pursuant to Fed. R. Civ. P. 37(a), following counsel's good faith effort to obtain them without the Court's involvement. Cohen v. City of Newton, 248 F.R.D. 92, 93 (D. Mass. 2008).

Plaintiffs have failed to comply with the applicable rules. The Porros are entitled to information sought in their discovery requests in order to defend themselves against plaintiffs' claims. To date, plaintiffs have failed to supply any factual evidence in support of their claims. Instead, plaintiffs continue to force the Porros to participate and defend themselves against the claims in slow-moving litigation. The Porros continue to incur legal fees related to their representation in this suit. The Porros are being prejudiced by plaintiffs' failure to respond to

their discovery requests. Plaintiffs' failure to respond to the discovery requests is not in conformance with the spirit of the rules and is unfair to the Porros.

## V.     CONCLUSION

WHEREFORE, the defendants, Jacqueline Porro, Esq. and Matthew Porro, respectfully request that this Honorable Court enter an order compelling the plaintiffs to answer interrogatories and respond to requests for production of documents within ten (10) days of granting this Motion.

> Respectfully Submitted,
> The Defendants,
> Jacqueline Porro, Esq.
> and Matthew Porro,
> By their attorneys,
>
> */s/ Edwin F. Landers, Jr.*
>
> ---
> Edwin F. Landers, Jr., BBO #559360
> Jennifer N. Pierce, BBO #669736
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210-1181
> (617) 439-7500
> elanders@morrisonmahoney.com
> jpierce@morrisonmahoney.com

Dated:  9/10/12

## CERTIFICATE OF SERVICE

    I, Edwin F. Landers, Jr., do hereby certify that on the 10th day of September, 2012, I caused a copy of the within document to be served by electronic mail upon the individuals designated for electronic service by operation of the Court's ECF system and by first Class U.S. Mail to those indicated as non-registered participants.

    /s/ Edwin F. Landers, Jr.

    Edwin F. Landers, Jr.