UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-cv-11124-GAO

KIMMEL & SILVERMAN, P.C., and CRAIG KIMMEL, ESQ.,
Plaintiffs,

v.

JACQUELINE PORRO, ESQ., MATTHEW PORRO, DAVID P. ANGUEIRA, ESQ.,
SWARTZ & SWARTZ, P.C.,
Defendants.

# ORDER ADOPTING REPORT AND RECOMMENDATION
August 13, 2013

O'TOOLE, D.J.

After review of the motion papers, other relevant docket papers, the Report and Recommendation, the objection thereto, and the reply to the objection, I ADOPT the Report and Recommendation for the reasons set forth by the Magistrate Judge. The motion of the defendants David Angueira and Swartz & Swartz, P.C. for judgment on the pleadings (dkt. no. 88) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMMEL & SILVERMAN, P.C. and ) <br> CRAIG KIMMEL, ESQ., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> JACQUELINE PORRO, ESQ., ) <br> MATTHEW PORRO, ) <br> DAVID P. ANGUEIRA, ESQ., and ) <br> SWARTZ & SWARTZ, P.C., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 11-11124-GAO |

## REPORT AND RECOMMENDATION ON SWARTZ DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

June 3, 2013

DEIN, U.S.M.J.

### I. INTRODUCTION

Following an unsuccessful motion to dismiss, defendants David Angueira and the law firm of Swartz & Swartz, P.C. ("S&S") have brought a motion for judgment on the pleadings (Docket No. 88), substantially re-arguing the same issues that were previously addressed by the District Judge in his Opinion and Order dated March 28, 2012 ("Order") denying the motion to dismiss. Because there has been no significant change in the facts or the law, this court recommends to the District Judge to whom this case is assigned that the motion for judgment on the pleadings be DENIED. The defendants can reargue their positions following the further development of the factual record through discovery.

## II. <u>STATEMENT OF FACTS</u>[1]

In 2007, Jacqueline and Matthew Porro sued the plaintiffs in this action, Attorney Craig Kimmel and the law firm of Kimmel & Silverman, P.C. (collectively "Kimmel"). Compl. ¶ 9. In that suit (the "Porro Lawsuit"), the Porros were represented by the defendants in this action, Attorney David Angueira and the S&S law firm (collectively, the "Swartz defendants"). Id. ¶ 10. The Porro Lawsuit settled, and the parties entered into a Settlement Agreement in May 2009. Id. ¶ 13. The Settlement Agreement provided, *inter alia*, that "[t]he Parties and their counsel agree not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement . . . ." Id. ¶ 15. Angueira signed his name on the Agreement under a line which read "Approved as to Form." Docket No. 8-2 at 10; <u>Order</u> at 1.

On October 29, 2013, Krista Lohr, who also was represented by Attorney Angueira and the S&S law firm, brought suit against Kimmel & Silverman and Attorney Kimmel in the Eastern District of Pennsylvania (the "Lohr Lawsuit"). Compl. ¶ 20. In that action, Ms. Lohr made the same allegations against Kimmel that had been asserted in the Porro Lawsuit. Id. ¶ 21. In connection with the Lohr Lawsuit, the Swartz defendants attached certain documents to a pleading, which Kimmel contends consisted of confidential information that the Swartz defendants had obtained in the Porro Lawsuit.

---

[1] The facts are derived from the Complaint (Docket No. 1) ("Compl.") and the Supplemental Answer of Angueira and Swartz & Swartz (Docket No. 87) ("SA"), as well as from the Opinion and Order of the court entered in this action on March 28, 2012 (Docket No. 63) ("Order"). Unless otherwise indicated, the facts are not in dispute.

Id. ¶¶ 22-24. As a result, Kimmel commenced the instant action in which it alleges that the Swartz defendants[2] breached the Settlement Agreement by attaching those documents to the pleadings in the Lohr Lawsuit. The Complaint contains claims for breach of contract (Count I), tortious interference with the Porro Settlement Agreement (Count II), breach of the covenant of good faith and fair dealing (Count III) and fraud (Count IV).

## The Motion to Dismiss

The Swartz defendants moved to dismiss the Complaint against them. In his Order dated March 28, 2012, the District Judge ruled in relevant part as follows:

> Angueira and Swartz & Swartz have moved to dismiss the claims brought against them. They argue that they were not bound by the confidentiality agreement in Law Suit 1 [i.e. the Porro Lawsuit]. I disagree. First, Angueira signed that agreement. It is easy to conclude he signed both individually and as a representative of the firm. Second, the agreement provided that it bound the parties "and their counsel" not to disclose confidential information. (See Settlement Agreement 5.). Third, similar cases have found that an attorney's signing of a confidentiality agreement binds him. See Huynh v. City of Worcester, No. 08-40240-TSH, 2010 WL 3245430, at *3 (D. Mass. Aug. 17, 2010); Affidavit of Counsel at 6, id., ECF No. 21-2 (attorney bound by confidentiality agreement which he signed as a "witness"). Finally, a contrary result would not only undermine the reasonable expectations of the parties but also likely would discourage attorney involvement in discussions with opposing counsel on confidential matters–often, the discussions where attorneys are most needed. The confidentiality agreement here binds the attorney defendants.
>
> They further argue that the litigation privilege requires dismissal of the tortious interference claims, which allege that the [sic] they "induced" the Porros to violate their settlement agreement. (Compl. ¶ 63 (dkt. no. 1).) "An attorney's statements are absolutely privileged 'where such statements

---

[2] Jacqueline and Matthew Porro are also named as defendants. However, the action against them is in the process of being resolved.

are made by an attorney engaged in his function as an attorney. . . .'" Blanchette v. Cataldo, 734 F.2d 869, 877 (1st Cir. 1984) (quoting Sriberg v. Raymond, 345 N.E.2d 882, 884 (Mass. 1976).) At a minimum, it is not clear from the Complaint here whether the alleged "inducements" were merely statements or at what point the inducements were made. See Sriberg, 345 N.E.2d at 884 (privilege attaches where litigation is contemplated and under serious consideration). Whether the privilege applies here can best be determined after discovery. Dismissal now is inappropriate.

The defendants argue, in addition, that they were ethically obligated to violate the confidentiality agreement in Law Suit 1 in order to represent their client effectively in Law Suit 2 [i.e. the Lohr Litigation]. To the contrary, the attorneys could have represented their client effectively by obtaining relevant information through proper channels of discovery without violation of the agreement.

The attorney defendants' motion (dkt. no. 19) to dismiss and motion (dkt. no. 41) for sanctions are DENIED.

Order at 2-3.

### Events Following the Order

After entry of the Order denying the motion to dismiss, the Swartz defendants filed an Answer to the Complaint (Docket No. 68) and then a Supplemental Answer on January 9, 2013. (Docket No. 87). In the Supplemental Answer, the Swartz defendants reported that the Lohr Lawsuit had been settled and that a stipulation of dismissal had been filed on October 4, 2012. The Swartz defendants then filed the pending motion for judgment on the pleadings. The details of the motion for judgment on the pleadings, and other additional facts, will be discussed infra.

### III. ANALYSIS

-4-

A.  **Standard of Review**

The Swartz defendants have moved, pursuant to Fed. R. Civ. P. 12(c), for a judgment on the pleadings with respect to all claims. The legal standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54-55 (1st Cir. 2006). See also Patrick v. Rivera-Lopez, 708 F.3d 15, 18 (1st Cir. 2013). Thus, when confronted with a motion for judgment on the pleadings, the court must "view the facts contained in the pleadings in the light most favorable to the party opposing the motion . . . and draw all reasonable inferences in [that party's] favor." Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007). See also DeMayo v. Nugent, 517 F.3d 11, 12 (1st Cir. 2008). Dismissal is only appropriate if the pleadings, so viewed, fail to support a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

In the instant case, the only new fact raised by the Answer and Supplemental Answer filed by the Swartz defendants is that the Lohr Lawsuit has been settled and a stipulation of dismissal has been filed. As detailed below, however, this new "fact" does not alter the court's analysis as to whether the plaintiffs have stated a plausible claim for relief. Thus, the Swartz defendants' motion for judgment on the pleadings is in actuality a motion for reconsideration. "[M]otions for reconsideration are appropriate only in a

limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). The Swartz defendants have not established that reconsideration at this stage in the litigation, without discovery, is warranted.

### B. Motion for Judgment on the Pleadings

By their pending motion, the Swartz defendants argue that the pleadings establish that "Angueira and S&S appropriately used certain information obtained through discovery in the *Porro* lawsuit solely in connection with a related lawsuit against Kimmel, and did so in a manner entirely consistent with the Federal Rules of Civil Procedure as well as the Rules of Professional Conduct." Memorandum in Support of Motion for Judgment on the Pleadings (Docket No. 89) ("JP Mem.") at 5. In support of this contention, the Swartz defendants rely principally on the same arguments that they made in support of their motion to dismiss. See Memorandum Re: Motion to Dismiss (Docket No. 20) ("MD Mem.").

Specifically, the Swartz defendants argue that neither Anguiera nor S&S was subject to the Settlement Agreement, as they did not sign the Agreement as parties thereto, and Anguiera's signature was as to the form only. See JP Mem. at 6-7. This argument was expressly addressed by the District Judge in his Order quoted above. The Swartz defendants do not suggest that any new facts or law warrant reconsideration of

this issue by the court. The only thing new is that the Swartz defendants have attempted to distinguish their conduct from the conduct of the attorneys at issue in Huynh v. City of Worcester, Civil Action No. 08-40240-TSH, 2010 WL 3245430 (D. Mass. Aug. 17, 2010), a case which was cited by the court in the Order. In that case, the court concluded that counsel had violated a confidentiality clause contained in a settlement agreement by disclosing details regarding the amount of the settlement and the merits of the case in the press. Huynh, 2010 WL 3245430, at *1-3. The Swartz defendants argue that they engaged in no such disclosure during the Lohr Lawsuit, and that they made no statements to the press. JP Mem. at 6-7. However, the Swartz defendants' arguments are beside the point. The Swartz defendants do not and cannot deny that in Huynh, counsel was bound by the terms of the confidentiality clause contained in the settlement agreement even though counsel signed only as a "witness." See Huynh v. City of Worcester, Civil Action No. 08-40240-TSH, Docket No. 21-2. That was the proposition for which Huynh was cited in the District Judge's Order. In the absence of any change in facts or law, there is no basis for revisiting the issue at this juncture as to whether Anguiera and S&S were parties to the Settlement Agreement.[3]

The Swartz defendants next argue that any statements they made in the conduct of the Lohr Litigation are absolutely privileged and cannot form the basis of any civil

---

[3] The Swartz defendants are also seeking to have the claim of breach of the covenant of good faith and fair dealing dismissed because there is no valid and binding contract. JP Mem. at 10. Because the District Judge has already ruled that Angueira and S&S may be deemed a party to the Settlement Agreement, this claim should not be dismissed at this time either.

-7-

liability. JP Mem. at 7-8. This is the same argument which they made in connection with the motion to dismiss. MD Mem. at 4-5. The argument was rejected by the District Judge, who found that the question "[w]hether the privilege applies here can best be determined after discovery." Order at 3. Again, nothing has changed since the court's Order which would warrant reconsideration of this ruling at this stage in the litigation. As Kimmel argued in opposing the motion to dismiss (which is restated in Kimmel's opposition to the present motion), the situation presented here is "unique" because by disclosing this information, the Swartz defendants either breached their own contractual obligations or caused their clients, the Porros, to breach their Settlement Agreement. See Plaintiffs' Opposition to Motion for Judgment on the Pleadings (Docket No. 97) ("Opp.") at 11-12. Moreover, "[i]f the Swartz Defendants['] argument were followed to its logical end, in any subsequent litigation, a lawyer who did not feel like abiding by the terms of an agreement his principal has entered into (i.e., a confidentiality agreement) could simply hide behind the litigation privilege." Id. Finally, as the court explained in denying the motion to dismiss, discovery is necessary to explore when the Swartz defendants "induced" the Porros' to breach their Settlement Agreement and whether such conduct was limited to the litigation process. Order at 2-3. Again, nothing has changed to warrant reconsideration of this issue.

The defendants argue further that "the plaintiffs' attempted enforcement of the settlement agreement against Angueira and S&S violates the Rules of Professional Conduct" because the defendants were ethically obligated to use the information in

representing their client effectively. JP Mem. at 9. The District Judge expressly rejected this very same argument in connection with his denial of the motion to dismiss. Order at 3. As the court has already ordered, "the attorneys could have represented their client effectively by obtaining relevant information through proper channels of discovery without violation of the agreement." Id. There is no reason to reconsider this ruling at this juncture in the litigation.

Similarly, the Swartz defendants' contention that the claim of fraud should be dismissed because the plaintiffs were not justified in relying upon the defendants' representations is simply a restatement of issues already addressed at the motion to dismiss stage. See JP Mem. at 10-13. The defendants' argument is based on their assertion that (1) the Swartz defendants did not enter into an enforceable confidentiality agreement, (2) the defendants' use in the Lohr Litigation of any facts from the Porro Litigation was privileged, and (3) enforcement of the Settlement Agreement against the defendants would improperly restrict a lawyer's right to practice, in violation of the Massachusetts Rules of Professional Conduct 5.6(b). Id. However, as described above, these precise arguments were raised by the defendants previously. See MD Mem. at 6-9. The Swartz defendants have proffered no reason as to why the court's ruling on the motion to dismiss should be reconsidered at this time.

Finally, the Swartz defendants argue that the settlement of the Lohr Litigation renders any claims in the instant case moot. JP Mem. at 13-14. While this argument is based on a new fact, it does not alter the conclusion that a dismissal of the complaint is

not appropriate at this time. The plaintiffs have brought a suit challenging past actions involving the disclosure of confidential information, and they will be seeking a permanent injunction to preclude the disclosure of such information in the future. See Opp. at 6-7. The settlement of the Lohr Litigation does not affect the merits of the plaintiffs' claims or their right to pursue the proposed injunctive relief. Therefore, the Swartz defendants have not shown that the settlement of the Lohr Lawsuit entitles them to a judgment on the pleadings.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Motion for Judgment on the Pleadings (Docket No. 88) be DENIED.

/ s / Judith Gail Dein<br>
Judith Gail Dein<br>
United States Magistrate Judge